**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

             **v.**           **10-CR-188A(Sr)**

**JAVIER NAVARRO,**

       **Defendant.**

_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. # 251.

**PRELIMINARY STATEMENT**

The defendant, Javier Navarro, is charged in counts 2, 4, 5, 6, 7 and 12 of a 13 count indictment against 23 defendants with participation in a continuing criminal enterprise, in violation of Title 21, United States Code Sections 841(a)(1), 843(b), 846 and 856(a)(1), in violation of Title 21, United States Code Section 848(a); conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), in violation of Title 21 United States Code Section 846; two counts of possession with intent to distribute 500 grams or more of a mixture and substance containing cocaine, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(B) and Title 18 United States Code Section 2; use and maintenance of the

premises at 16 Blum Avenue for the purpose of manufacturing, distributing and using cocaine and marijuana, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2, in violation of Title 21, United States Code, Section 2; and unlawful possession of firearms in furtherance of drug trafficking crimes, in violation of Title 18, United States Code, Section 924(c)(1) and 2 . Dkt. #1. The defendant also faces forfeiture of money pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p), and forfeiture of firearms and ammunition pursuant to Title 18, United States Code, Sections 924(d) and 3665; Title 28, United States Code, Section 2461©; and Title 21, United States Code, Section 853. Dkt. #1.

The defendant filed an omnibus motion. Dkt. #313. The government filed a response and request for reciprocal discovery. Dkt. #374.

## DISCUSSION AND ANALYSIS

**Inspection of Grand Jury Minutes & Dismissal of Indictment**

As defendant's motion for inspection of grand jury minutes and dismissal of the indictment based upon presumed defects within the grand jury proceedings is premised upon New York State's Criminal Procedure Law, which is inapplicable to this federal indictment, this aspect of defendant's motion is denied.

**Bill of Particulars**

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of

the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Thus, a bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. *United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999). "The prosecution need not particularize all of its evidence." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). "Moreover, 'a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.'" *Id., quoting Walsh*, 194 F.3d at 47. "Generally, the particulars as to the formation of a conspiracy need not be set forth by the prosecution," as such details "are not necessary to allow the defendant to prepare his defense or to plead double jeopardy." *United States v. Iannelli*, 53 F.R.D. 482, 483 (S.D.N.Y. 1971). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574; *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984). As the charges in the indictment, along with the discovery materials provided by the government and the affidavit in support of the criminal complaint clearly inform the defendant of the essential facts of the crimes charged, the defendant is not entitled to, nor is he in need of, the particulars being sought for that purpose. As a result, defendant's motion is denied.

**Discovery & Inspection**

The government represents that it is in compliance with its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure and declares its intention to disclose any additional information subject to Rule 16 as it is discovered. Dkt. #374, pp.13-15.  In accordance with Rule 12(b) of the Federal Rules of Criminal Procedure, the government notifies the defendant of its intention to introduce any evidence disclosed to defendant at trial.  Dkt. #374, p.15. However, the government notes that many of defendant's requests are beyond the scope of pre-trial discovery. Dkt. #374, p.15

Defendant's Statements

In reliance upon the government's representation that it has disclosed defendant's statements to law enforcement personnel pursuant to Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure, this aspect of defendant's motion is denied as moot. Defendant's request for statements of any defendant is beyond the scope of Rule 16.

Statements of Co-Conspirators

Rule 16 does not encompass co-conspirator statements.  *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974).  The *Jencks* Act provides the exclusive procedure for discovering statements that government witnesses – including co-conspirators – have given to law enforcement agencies.  *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987).  Rule 801(d)(2)(E) of the Federal Rules of Evidence does not

contain a required pretrial notice and therefore, there is no requirement on the part of the government to disclose statements made by a defendant's co-conspirator during and in furtherance of the conspiracy. The admissibility of any such statements is best addressed by the trial judge. *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir.), cert. denied, 519 U.S. 955 (1996). Accordingly, this aspect of defendant's motion is denied.

F.R.E. 807

In reliance upon the government's representation that it has no present intention of introducing any statement within the residual hearsay exception set forth in Rule 807 of the Federal Rules of Evidence, and its acknowledgment of its obligations should it determine the exception applicable, this aspect of defendant's motion is denied as moot.

Fed. R. Crim. P. 16(a)(1)(F) & (G)

In reliance upon the government's representation that it will disclose all materials that are discoverable under Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure and that it will comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, as well as Rules 702, 703 and 705 of the Federal Rules of Evidence, and that it will cooperate with defendant to provide the chemists' credentials and methods in the event that the defendant declines to stipulate as to the reports regarding the controlled substances, as well as the qualifications of government law enforcement experts relating to vague/coded drug references and firearms, this aspect of defendant's motion is denied as moot.

Identification

In reliance upon the government's representation that it has and will disclose information relating to pretrial identification procedures, defendant's request for visual or audio identification procedures is denied as moot. Issues of admissibility of testimony identifying defendant's voice, as provided by Rule 901 of the Federal Rules of Evidence, are best left to the trial judge.

Documents and Physical Evidence

In reliance upon the government's representation that it has complied with Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, and that any additional items will be provided voluntarily as they are identified, defendant's motion for Title III wiretap applications, pen register applications, search warrant applications, videotapes, audiotapes, photographs and other documents, objects and physical evidence is denied as moot.

Federal & Law Enforcement Documents

Defendant's expansive request for federal documents and law enforcement documents is denied as beyond the scope of the government's discovery obligations. Rule 16(a)(2) of the Federal Rules of Criminal Procedure specifically exempts

> the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Transcripts of Intercepted Calls

In reliance upon the government's representation that it has provided call summaries and complete transcripts containing Spanish/English translation, as well as the underlying recorded conversations, and that it will continue to provide transcripts as they are completed, defendant's request for verbatim transcripts of all conversations relevant to the case in both Spanish and English is denied as moot.

Summaries and Logs of Conversations

In reliance upon the government's representation that all information regarding intercepted conversations, call detail, and summaries have been provided and that any additional items will be provided voluntarily should they be discovered, this aspect of defendant's motion is denied as moot.

Witness List

In the absence of a specific demonstration of necessity for such information, the defendant's request for a list of witnesses is denied.  *See United States v. Bejasa,* 904 F.2d 137, 139-40 (2d Cir.), *cert. denied*, 498 U.S. 921 (1990).

F.R.E. 403, 404(b) and 609

The government notifies defendant that it intends to introduce at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence, all prior criminal conduct to show proof of defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident and represents that it will timely disclose

evidence within the ambit of Rules 404(b), 608(d) and 609 of the Federal Rules of Evidence, but notes that it has no obligation to provide defendant with information that could be used to impeach him pursuant to Rule 608, should he elect to testify. In reliance upon the government's representations, this aspect of defendant's motion is denied as moot.

### *Brady, Giglio* & *Jencks* Material

The government acknowledges its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, this aspect of defendant's motion is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

### Identity of Informants

Disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.), *cert. denied*, 489 U.S. 1089 (1988); *see Roviaro v. United States*, 353 U.S. 53, 59 (1957) (government generally is not required to disclose identity of confidential informants). "Speculation that disclosure

of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). It is not sufficient that the informant was a participant and witness to the crime. *Saa*, 859 F.2d at 1073. As the fact that many of the informants in this case were participants in the criminality alleged in the indictment is insufficient to demonstrate that disclosure of information regarding government informants is warranted in this matter at this time, this aspect of defendant's motion is denied.

**Joinder in Co-Defendants' Motions**

It is hereby ordered that the decision made by this Court as to each co-defendant's requests contained in the motions in which this defendant has standing to join shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

Defendant's request for leave to make further motions is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to reciprocal discovery pursuant to Rule 16(b)(1), and its request is hereby granted. The government's motion with respect to Rule 807 of the Federal Rules of Evidence is denied as moot by reason of the requirements contained within Rule 807 of the FRE wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:   Buffalo, New York
         June 15, 2012

       *s/ H. Kenneth Schroeder, Jr.*
       **H. KENNETH SCHROEDER, JR.**
       **United States Magistrate Judge**