Case 1:10-cr-00188-RJA-HKS   Document 875   Filed 01/24/17   Page 1 of 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

      v.                                            10-CR-188-A
                                                **DECISION AND ORDER**

JAVIER NAVARRO,

      Defendant.
_____

On September 12, 2016, the Court sentenced the Defendant to an aggregate sentence of 180 months' imprisonment and five years' supervised release following his plea of guilty to several firearms and narcotics offenses. The Defendant did not appeal his conviction or sentence, nor has he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The Defendant has, however, filed a *pro se* motion for a free transcript of his sentencing, as well as a free copy of his docket sheet. *See* Docket No. 872 & 874. For the reasons discussed below, the Defendant's motion is denied without prejudice.

## DISCUSSION

Although the Defendant does not identify the basis for his motion, it appears to be brought pursuant to 28 U.S.C. § 753(f). In relevant part, § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.[1]

---

[1] Section 753(f) also addresses the cost of transcripts "furnished in criminal proceedings under the Criminal Justice Act," as well as transcripts "furnished in other proceedings." However, the time for the Defendant to appeal his conviction and/or sentence passed long ago. *See* Fed. R. App. P. 4(b). Thus, the only conceivable basis for a transcript request appears to be § 2255.

As noted, the Defendant has yet to file a § 2255 petition challenging his conviction or sentence, and he offers no reason for his request for free transcripts.

The Defendant's request for a free transcript is therefore premature. The Second Circuit has made clear that "the plain language and necessary operation" of § 753(f) requires that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). This is so for two reasons. First, § 753(f) refers to "proceedings *brought* under section 2255." (emphasis added). That, of course, has not yet happened in this case. And second, § 753(f) requires a judge's certification "that the transcript is needed to decide the issue presented by the suit or appeal." That, too, cannot happen until the Defendant files a § 2255 petition. Without such a filing, the Court has no way to evaluate "the issue presented" by the Defendant's petition. *See Horvath*, 157 F.3d at 132. Section 753(f) thus clearly prevents the Defendant from obtaining free transcripts until he files a § 2255 petition.

Finally, the Defendant requests a free copy of his docket sheet. Section 1914(b) of Title 28 of the United States Code requires the Clerk of the Court to collect fees as prescribed by the Judicial Conference of the United States. The fee for copies of an electronic docket sheet is $0.10 per page; the total cost for a copy of the Defendant's docket sheet in this case is $2.10. A litigant's *in forma pauperis* status does not entitle him to a free copy of a docket sheet or other filings. *See* 28 U.S.C. § 1915(a)(1), (c). If the Defendant would like a copy of his docket sheet, he should forward payment to the Clerk of the Court, U.S. District Court for the Western District of New York, 2 Niagara Sq., Buffalo, N.Y., 14202.

**CONCLUSION**

For the reasons stated above, the Defendant's motion for a free sentencing transcript and a free docket sheet is **DENIED** without prejudice.

**SO ORDERED.**

Dated: January 21, 2017                             ___s/Richard J. Arcara_____
       Buffalo, New York                              HONORABLE RICHARD J. ARCARA
                                                 UNITED STATES DISTRICT JUDGE